PEOPLE OF the TERRITORY OF GUAM, Plaintiff-Appellee,

v.

Jose Mendiola QUIDACHAY, Defendant-Appellant.

No. 86–1189.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 14, 1987.*

Decided April 29, 1987.

Terence E. Timblin, Agana, Guam, for plaintiff-appellee.

John F. Tarantino, Agana, Guam, for defendant-appellant.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 3(f) and Fed.R.App.P. 34(a).

Before HUG, SCHROEDER and ALARCON, Circuit Judges.

HUG, Circuit Judge:

This appeal concerns the interpretation of a statute of the Territory of Guam which provides that a grand jury shall receive only competent evidence. Quidachay appeals his conviction for burglary on the ground that the grand jury relied on hearsay evidence in indicting him for that crime.

Quidachay was indicted on March 21, 1985, by the Territorial Grand Jury, and charged with burglary. The only evidence presented to the grand jury connecting Quidachay to the crime was the testimony of Officer Camacho, who read the written confession made to him by Quidachay's accomplice. Quidachay moved to dismiss the indictment on the grounds that hearsay evidence is incompetent and, therefore, the grand jury received insufficient competent evidence to support the indictment. The trial court denied the motion.

On July 16, 1985, Quidachay was convicted of burglary, and later sentenced to three years' imprisonment. He appealed to the District Court of Guam, Appellate Division, arguing that the hearsay evidence presented to the grand jury was incompetent under 8 Guam Code Ann. § 50.42, and that since the hearsay evidence was the only evidence presented connecting him to the crime, the trial court erred in denying his motion to dismiss the indictment.

The Supreme Court has held that there is no constitutional prohibition against presenting hearsay to a grand jury or against hearsay forming the basis for an indictment, *Costello v. United States*, 350 U.S. 359, 363, 76 S.Ct. 406, 408, 100 L.Ed. 397 (1956). Nor did the Supreme Court limit the use of hearsay in the exercise of its supervisory powers. *Id.* at 364, 76 S.Ct. at 409. The Court expressed its view that it would be counterproductive to have such a requirement. The Court stated:

If indictments were to be held open to challenge on the ground that there was inadequate or incompetent evidence before the grand jury, the resulting delay would be great indeed. The result of such a rule would be that before trial on the merits a defendant could always insist on a kind of preliminary trial to determine the competency and adequacy of the evidence before the grand jury. This is not required by the Fifth Amendment.

*Id.* at 363, 76 S.Ct. at 408.

However, the Territory of Guam is not precluded from establishing a more restrictive rule. A former version of section 50.-42 of 8 Guam Code did restrict the evidence that could be received by a grand jury. The former section provided:

The grand jury shall receive only evidence which would be admissible over objection at the trial of a criminal action but the fact that evidence which would have been excluded at trial was received by the grand jury does not render the indictment void where sufficient competent evidence to support the indictment was received by the grand jury.

In 1980, section 50.42 was amended to read:

The grand jury shall receive only competent evidence but the fact that evidence which is incompetent was received by the grand jury does not render the indictment void where sufficient competent evidence to support the indictment was received by the grand jury.

8 Guam Code Ann. § 50.42. In this case, since the only evidence tying Quidachay to the crime was the hearsay evidence, we must determine whether that evidence was properly received and relied upon by the grand jury. As Quidachay points out, one meaning of "competent evidence" is evidence that is admissible at trial. However, this is not the only meaning of the words. The word "competent" has a broader generic usage. Black's Law Dictionary provides alternate definitions of the word, including "adequate," "suitable," or "sufficient."

As noted by the district court, the compiler's note to the code section indicates that

the legislature sought to lessen the restriction on evidence that could be presented to a grand jury. The compiler's note states:

§ 50.42, as amended by P.L. 15–94, § 7, lowers the standard of evidence required to be presented before the grand jury, requiring that evidence only be *competent*, rather than requiring that evidence be admissible over objection at a trial. The former section, which was substantively the same as § 939.6 of the California Penal Code, proved unworkable and led to many unnecessary reversals and dismissals of indictments for purely technical reasons. In most instances, the indictments were resubmitted and new indictments returned by the grand jury. No rights of the defendants were materially helped by the former section, but delays were frequent. There have been few, if any interpretations of this amended section since its adoption, but indictments have proceeded in a smoother fashion.

The source for the opinion of the compiler is unclear and it is thus uncertain how much reliance can be placed upon the compiler's note as an indication of legislative intent. It is apparent, however, that if the defendant's argument that "competent evidence," as used in the revised statute, means "evidence that is admissible over objection at trial," then the Guam Legislature would have accomplished nothing by its amendment of the section. It is also apparent that in using the phrase "competent evidence," the Guam Legislature intended some restriction on the evidence that can be presented to and relied upon by a grand jury. Thus, Guam has placed restrictions on such evidence, even though the United States Supreme Court in *Costello* held such restrictions are not required by the United States Constitution; and also observed that a rule permitting defendants to challenge indictments on the ground that they are not supported by adequate or competent evidence "would result in interminable delay but add nothing to the assurance of a fair trial." *Costello*, 350 U.S. at 364, 76 S.Ct. at 409.

Guam's amended statute provides that "the fact that evidence which is incompe-

tent was received by the grand jury does not render the indictment void where sufficient competent evidence to support the indictment was received by the grand jury." Implicit in this statement is the obverse—that if sufficient competent evidence to support the verdict was not received, then the indictment is void. Thus, the defendant can challenge the sufficiency of the indictment to determine if "competent evidence" supports it.

It appears that the Guam Legislature, by amending the requirement that the evidence presented to a grand jury must be "evidence which would be admissible ... at trial" to a requirement that it be "competent evidence," desired to eliminate the technical requirements of the rules of evidence but preserve some requirement of reliability.

▮ Keeping in mind that the function of the grand jury is only to determine whether there is sufficient evidence to charge a person with a crime, and recalling the Supreme Court's admonition in *Costello* concerning the wisdom of inquiries into the adequacy of the evidence to support an indictment, we interpret the meaning of "competent evidence" in the Guam statute to create minimal restrictions of reliability. If it is evidence that a reasonable person would rely upon in conducting his or her daily affairs, then it is competent within the meaning of the statute, regardless of whether it would be admissible at trial under the rules of evidence.

▮ In this case, the testimony of the officer concerning the written confession of Quidachay's accomplice was sufficient to meet this minimal test of reliability. Thus, the evidence was competent within the meaning of the Guam statute and sufficient to support the indictment.

Because it was not error to deny the motion to dismiss the indictment, we need not reach the issue of "harmless error," discussed in *United States v. Mechanik*, 475 U.S. 66, 106 S.Ct. 938, 942–43, 89 L.Ed.2d 50, 57–58 (1986).

The decision of the District Court of Guam, Appellate Division, is AFFIRMED.